UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
RONALD HANCOCK,

                                Petitioner,

            - against -

FRANCISCO RIVERA, Superintendent,

                               Respondent.
------------------------------------------------------------------x

09-CV-7233 (CS) (GAY)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Appearances:

Ronald Hancock
Raleigh, North Carolina
Pro Se *Petitioner*

Bridget Rahilly Steller
Chief Assistant District Attorney
County of Dutchess
Poughkeepsie, New York
*Counsel for Respondent*



Seibel, J.

      Before the Court is Petitioner Ronald Hancock's Affidavit in Response to Report and Recommendation, dated May 4, 2012, (Doc. 14), objecting to the Report and Recommendation ("R&R") of United States Magistrate Judge George A. Yanthis, dated April 24, 2012, (Doc. 11), recommending denial of Petitioner's Petition pursuant to 28 U.S.C. § 2254, (Doc. 1). Familiarity with the prior proceedings, the R&R, and the issues presented is presumed.

      A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days

-1-

after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C). A district court must conduct a *de novo* review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72 advisory committee's note (b). In addition, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008)[1]; *accord Evans v. Ericole*, No. 06-CV-3684, 2008 WL 4861783, at *2 (S.D.N.Y. Nov. 10, 2008) (reviewing report and recommendation for clear error where *pro se* plaintiff made only general objection); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (internal quotation marks omitted).

The objections of parties appearing *pro se* are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." *Milano v. Astrue*, 05-CV-

---

[1] Copies of all unreported opinions cited in this Memorandum Decision and Order will be provided to Petitioner.

6527, 2008 WL 4410131, at *2, 24 (S.D.N.Y. Sept. 26, 2008) (internal quotation marks omitted). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotation marks omitted).

Petitioner in his Affidavit in Response has not addressed the R&R in any fashion. He has reiterated arguments he made before other tribunals but has not made any specific objection to the R&R or taken issue with any particular finding of the Magistrate Judge. Accordingly, I review the R&R for clear error, and find none. Further, were I reviewing the matter *de novo*, I would agree with the Magistrate Judge for the reasons stated in the R&R.

Accordingly, I adopt the R&R as the decision of the Court. The Petition is dismissed with prejudice. As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c); *see Lozada v. United States*, 107 F.3d 1011, 1016-17 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997). The Clerk of Court is respectfully directed to close the case.

**SO ORDERED.**

Dated: July 27, 2012
       White Plains, New York

*[signature]*
CATHY SEIBEL, U.S.D.J.